## Case No. 17,648.

### WILDER v. GAYLER et al.

[1 Blatchf. 511; [1] 1 Fish. Pat. Rep. 317.]

Circuit Court, S. D. New York.    Oct. Term, 1849.

PATENTS — INFRINGEMENT SUITS — MONTHLY AC-
COUNTS OF SALES.

1. An order in a patent suit in equity, re-
quiring the defendant to file a monthly account,
on oath, of all "iron safes hereafter manufac-
tured or sold by him," will be sufficiently com-
plied with, by giving the inside dimensions of
the safes, without stating the prices at which
they were sold, or the names of the purchasers.

2. A knowledge of the names, in such a case,
is not essential to an ascertainment of the
amount of business done in the article, or of the
profits.

3. It is sufficient to describe the articles in
the account, so that persons in the trade can
determine their value in the market, with a
view to the amount of profits.

In this case, a bill was filed [by Benjamin
G. Wilder against Charles J. Gayler and
Leonard Brown] for an account and an in-
junction, for an infringement of a patent
granted to Daniel Fitzgerald, June 1st, 1843,
for an "improvement in fire-proof chests and
safes."    On an application by the plaintiff
for a provisional injunction, the court made
an order, that the defendant Gayler "render
and file in the office of the clerk of this
court, monthly from the date of this order,
a just, full and true account in writing of all
iron safes made with plaster of Paris in
whole or in part, hereafter manufactured or
sold by him or his agents, the said account
in writing to be verified by the oath of said
Gayler, and that, in default thereof, an in-
junction issue pursuant to the prayer of the
bill."    The plaintiff now applied again for an
injunction, on various grounds, and, among
others, that the defendant Gayler had failed
to comply with the order.

J. B. Staples, for plaintiff.
George Sullivan, for defendants.

NELSON, Circuit Justice.    I am inclined
to think that the accounts rendered monthly
of the safes manufactured and sold by the
defendant Gayler, afford a reasonable com-
pliance with the terms of the order, although
they give no description of the safes except
their inside dimensions, and do not state the
prices at which they were sold or the names
of the purchasers.    The only doubt is, wheth-
er the names of the purchasers of the safes
should not be given.    But the order does not,
in terms, require it, and perhaps should not,
as a knowledge of the names is not essential
to an ascertainment of the amount of busi-
ness done in the manufacture and sale of the
article, or of the profits arising therefrom.
It seems, also, that, according to the course
of the trade, the description of the safes by
their inside dimensions, as given in the ac-

counts, is sufficient to enable persons in the
trade to determine the value or price of them
in the market, with a view to the amount of
profits.    Motion denied.

[For other cases involving this patent, see note
to Rich v. Lippincott, Case No. 11,758.    See,
also, 10 How. (51 U. S.) 477.]